**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-20985-CR-ALTONAGA**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**JAMIN CORDOBA-RENGIFO,**

    **Defendant.**
_____/

## **DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f), on March 10, 2020, a hearing was held to determine whether defendant **JAMIN CORDOBA-RENGIFO** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **JAMIN CORDOBA-RENGIFO** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1.    The defendant is charged by indictment, in the Southern District of Florida, with conspiracy to distribute cocaine knowing that it would be unlawfully imported into the United States in violation of Title 21, United States Code, Section 963. Therefore, the defendant is charged with a narcotics offense for which a maximum

sentence of more than ten (10) years is prescribed, resulting in a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant at all future court proceedings and the safety of any other person and the community. Title 18, United States Code, Section 3142(e) and (f).

2. The weight of the evidence against the defendant is substantial. The government has proffered that in February and March 2018, a confidential source ("CS") met with the defendant to discuss the transportation of cocaine into the United States. The defendant and the co-defendant were responsible for securing 30 kilograms of cocaine and the CS was to provide an additional five kilograms of cocaine. In total, 55 kilograms of cocaine would be transported by sailboat into the United States. The defendant and the co-defendant would receive $3,500 plus 1.5 kilograms of cocaine for participating in this scheme.

During a meeting in March 2018, the CS brought the five kilograms of sham cocaine to the defendant who took it to the co-defendant.

Law enforcement officers searched the sailboat and discovered cocaine in the walls of the sailboat, including the five kilograms of sham cocaine provided by the CS.

The defendant continued to set up narcotics transportation deals including attempted large shipments of cocaine to Spain and the United States.

After his arrest, the defendant admitted to his involvement in transporting the narcotics onboard the sailboat.

3. The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on December 29, 1977 in Colombia and is a lifelong

resident of that country. The defendant served a nine-year term of imprisonment in Panama for drug trafficking. Title 18, United States Code, Section 3142(g)(3)(A).

4. Based on the defendant's lifelong ties to Colombia, his employment in the narcotics business and lack of assets or ties to the United States, the undersigned believes that the defendant would not appear if released on bond. The Court specifically finds, by a preponderance of the evidence, that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required.

5. Based on the defendant's employment in the narcotics business, his participation in the importation of cocaine to the United States charged in the instant offense and his participation in other cocaine transportation deals, the defendant would continue to engage in the narcotics business and be a danger to persons in the community if released on bond. The Court specifically finds by clear and convincing evidence, there are no conditions or combinations of conditions which will reasonably assure the safety of other persons and the community.

The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **10th** day of March, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE